## WILSON v. RUSSELL.

1. FORECLOSURE BY ADVERTISEMENT—SHERIFF ACTS OFFICIALLY ON SALE.

    When, in the foreclosure of a real estate mortgage under a power of sale, by advertisement, the sheriff sells property at public auction, makes return, executes certificate of sale, and a deed to the purchaser, he acts in his official capacity, and not as an individual or an auctioneer.

2. SAME—DEPUTY.

    And in such case the acts of a deputy sheriff are the acts of the sheriff.

3. SAME—SUCCESSOR TO SHERIFF—MAY EXECUTE DEED.

    Hence, where a sale is made by a deputy sheriff, in proceedings for foreclosure by advertisement, the successor in office may, under the statute, execute a deed to the purchaser at the expiration of the year of redemption.

4. DEPUTY—MAY EXECUTE CERTIFICATE OF SALE IN NAME OF PRINCIPAL —MAY ACKNOWLEDGE—CERTIFCATE OF.

    A deputy sheriff may, in the name of his principal, execute and acknowledge a certificate of sale in such foreclosure proceedings; and an acknowledgment by the deputy certified in proper form by the officer taking it is valid, though the name of the deputy does not appear in the body of the certificate of sale, the same being signed in the name of the sheriff by him as deputy.

5. CERTIFICATE OF ACKNOWLEDGMENT SUBSTANTIAL COMPLIANCE WITH STATUTE.

    The certificate of acknowledgment of a deed, executed by a sheriff, in foreclosure proceedings by advertisement, is valid if in substantial compliance with the statute. The use of the words "whose name is subscribed to the within instrument," is a substantial compliance with the statutory form, "described in and who executed," etc., he being described as sheriff in the body of the deed.

Filed February 14, 1887.

Appeal from the district court of Richland county.

The material facts are fully stated in the opinion.

*Miller & Green*, for defendant and appellant.

In foreclosures by advertisement the statute must be strictly complied with. Lee v. Mason, 10 Mich. 403; Doyle v. Howard, 16 Mich. 267; Code Civil Proc. §§ 602, 606, 609, 614 and 611 lay down such procedure; Acknowledgment, §§ 659 and 665, C. C. P.

From the language of the sections of the Code of Civil Procedure, quoted above, it will be seen that in this class of foreclosures there are three persons who are authorized to make sales, viz.: the person named in the mortgage, the sheriff of the county and his deputy. It will be noticed, too, that wherever the execution of any paper in connection with the proceeding is mentioned, it is required to be done by the person making the sale, except in case of the deed when sale is made by the sheriff, in which case it may be done by his successor in office. C. Civ. Proc. § 609.

There can be no doubt that the deputy sheriff is recognized by these sections of the code as an officer. Sec. 1, chap. 4, Pol. Code, so recognizes him and provides the requisites of his appointment. People v. Lynch, 68 N. Y. 468. Gorman v. Gale 7 Cowen, 739; People v. Baring, 8 Cal. 408.

Under a statute providing for a sale by a sheriff or officer, such officer stands in the place of a mortgagee in exercising the power of sale. He executes the deed by virtue of the power. Hoffman v. Harrington, 33 Mich. 392; Anthony v. Wessell, 9 Cal. 103.

The defects in the acknowledgment must prove fatal. Fryer v. Rockefeller, 63 N. Y. 268; Smith v. Garden, 28 Wis 685; Fogarty v. Finley, 10 Cal. 239; Kimball v. Semble, 25 Cal. 447; McMann v. O'Conner, 27 Cal. 243; Kelsey v. Dunlap, 7 Cal. 160.

A sheriff's tale, without a deed, conveys only an equitable title. It will not sustain ejectment. 3 Waite Act. and Def. 30; Edwards v. Miller, 4 Heisk (Tenn.) 314; Crawford v. Green, 1 Karr (Del.) 464; Dean v. Pyncheon, 3 Chand. (Wis.) 9.

*Wilson, Ball & Wallin,* for respondent.

The words "or his deputy" were inserted in the statute to set at rest such doubts as existed under early decisions. Such as Wood v. Harris, 2 Wash. (Va.) 126; Tillottson v. Cheetham, 2 Johns. 63.

In Michigan a sheriff may act by deputy even without such words in the statute. Evens v. Sutherland, 41 Mich. 177.

In making such sales the sheriff acts officially. Ramsey v.

Merriman, 6 Minn. 104; Allan v. Chatfield, 8 Minn. 387; Hale-kiss v. Cutting, 14 Minn. 538; Merrill v. Nelson, 18 Minn. 366; Albrecht v. Long, 25 Minn. 163; 33 Iowa 318; 509 Mo. 422; 63 Id. 545, Williams v. Lash, 8 Minn. 459; Willis v. Jelineck, 27 Minn. 23.

The successor in office of sheriff may execute deed. Haynes v. Frey, 11 N. W. 695 (Wis.); Russell v. Lawton, 14 Wis. 219; 16 Mich. 267; 34 Mich. 271.

The deputy acts in the name of his principal. Lewis v. Thompson, 3 Cal. 267; Joyce v. Joyce, 5 Cal. 449; Robinson v. Hall, 5 Pac. 763; Ogden v. Walters, 12 Kan. 282; Rover Jud. Sales, § 942; Freeman on Ex. §§ 327, 354.

Substantial regularity is all that should be acquired in statutory foreclosure proceedings. Reading v. Waterman, 46 Mich. 110; Eliot v. Wood, 45 N. Y. 77; Lee v. Clary, 38 Mich. 223.

Courts construe acknowledgments liberally to prevent the failure of justice. Kelly v. Calhoun, 95 U. S. 544; Wells v. Atkinson, 24 Minn. 161; Becker v. Anderson, 9 N. W. R. 641: Russ v. Wingate, 30 Miss. 440; Carpenter v. Dexter, 8 Wall. 513.

Courts will refer to the body of the instrument to support a defective acknowledgment. Smith v. Boyd Central Reporter Vol. P. 475 (1886); Wells v. Atkinson, 24 Minn. 161; Carpenter v. Dexter, supra; Nelson v. Graff, 44 Mich. 434; Chase v. Whiting, 30 Wis. 544.

The words "described in and who executed" are not essential. Henderson v. Grewell, 8 Cal. 584; Jackson v. Gummer, 2 Cowen 552; 84 Wedd. 87; Chase v. Whiting, 30 Wis. 547.

FRANCIS, J. August 15, 1881, Mary E. Pitcher, being the owner in fee of section 13, in township 136 N., of range 50 W., in Richland county, Dakota, executed a mortgage thereon to one George A. Elder to secure the payment of $2,500, according to the conditions of a certain promissory note of even date therewith, and for a like sum. Said mortgage contained a clause providing, in substance, that if default should be made in the payment of said sum of money, or the interest, or in payment of the taxes, or in the performance of any of the cove-

nants or agreements of the party of the first part therein contained, then the said party of the first part might declare the said note fully due and payable, and sell the premises at public auction, "and convey the same to the purchaser in fee-simple, agreeable to the statute in such case made and provided." August 24, 1881, Elder assigned the mortgage to the respondent by assignment in usual form. The mortgage and assignment were duly recorded. The mortgagor defaulted in the payment of annual interest, and March 21, 1884, the respondent began the foreclosure of the mortgage by advertisement; and on May 9, 1884, the property covered by the mortgage was sold under said foreclosure notice, and "struck off" to the respondent for the amount then due on the mortgage, together with the costs and charges, amounting in all to the sum of $3,026.15, he being the highest bidder therefor. At the time of the sale Moses P. Proper was the sheriff of Richland county, and S. B. Brigham (full name not given) was the deputy sheriff. The notice of sale gave notice that the mortgaged premises would be sold at public auction May 9, 1884, at 10 o'clock in the forenoon, but did not state who would act as auctioneer. Said Brigham acted as auctioneer at the sale.

After, and on the day of sale, the following affidavit of sale was made:

"Territory of Dakota, County of Richland—ss.:

Moses P. Proper, being duly sworn, says that he is the sheriff of the county of Richland, and that as such sheriff he acted as auctioneer at the sale of the premises described in the foregoing and annexed printed copy of notice of mortgage sale, and that pursuant to such notice of sale he sold said premises at public vendue, at the time and place of sale therein mentioned, to-wit; at the hour of 10 o'clock in the forenoon, on the 9th day of May, A. D. 1884, at the front door of the court house in the county of Richland, wherein said premises are situated; and that said premises were then and there purchased by James Wilson for the sum of two thousand and twenty-three dollars, he being the highest and best bidder, and that being the highest and best sum bidden, for such premises at such sale; that

said sum bid as aforesaid embraced the following items, disbursements, and amounts, as exhibited to me at the time, viz: * * * And deponent further says that said mortgaged premises, consisting of one tract, was sold in one parcel, and no more of said premises were there sold than was necessary to satisfy the amount due on said mortgage at the date of the notice of sale, together with interest, taxes paid, and costs; and that said sale was conducted fairly, honestly and according to law, to the best of his knowledge and belief.

MOSES P. PROPER,<br>Sheriff of Richland Co., D. T.

By S. B. BRIGHAM, Deputy.

Subscribed and sworn to before me this ninth day of May, A. D. 1884.                    JOSHUA R. BUXTON,
    [SEAL.]          Notary Public, Richland County, D. T.
Filed for record this 9th day of May, 1884, at 4 o'clock P. M.

J. M. RUGGLES,<br>Register of Deeds.

An error having been made in footing up the items of disbursements, another affidavit of sale was, on the nineteenth day of May, 1884, made as follows:

"*S. B. Brigham, Deputy Sheriff of Richland County, D. T., to James Wilson.*

Territory of Dakota, County of Richland—ss.:

S. B. Brigham, being duly sworn, says that he is, and was at the time hereinafter mentioned, deputy sheriff of the county of Richland, and that, as such deputy sheriff, he acted as auctioneer at the sale of the premises described in the foregoing and annexed printed copy of the notice of mortgage sale, and that pursuant to such notice of sale he sold said premises at public vendue at the time and place of sale herein mentioned, to-wit, at the hour of ten o'clock in the forenoon on the ninth day of May, A. D. 1884, at the front door of the court house in the county of Richland, wherein said premises are situated; and the said premises were then and there purchased by James Wilson for the sum of three thousand and twenty-three dollars, he

being the highest and best bidder, and that being the highest and best sum bid, for such premises at such sale.  *  *  *  And deponent further says that said mortgaged premises, consisting of one tract, sold in one parcel, and no more of said premises were then sold than was necessary to satisfy the amount due on said mortgage at the date of the notice of said sale, together with interest, taxes paid, and costs, and that said sale was conducted fairly, honestly, and according to law, to the best of his knowledge and belief.          S. B. BRIGHAM.

This affidavit is made to correct a clerical error in the former affidavit, as of record in Book O of mortages, page 63.
                                        S. B. BRIGHAM.

Subscribed and sworn to before me this nineteenth day of May, A. D. 1885.          JOSHUA R. BUXTON,
     [SEAL.]          Notary Public, Richland Co., D. T.
Filed for record May 19, 1885, at 9 A. M.
               J. M. RUGGLES, Register of Deeds.''

On the day of the sale Moses P. Proper, by Brigham, as such deputy sheriff, gave to the purchaser a certificate of sale, as follows:

''*Mary E. Pitcher, by the Sheriff of Richland County, to James Wilson.*
     Territory of Dakota, County of Richland—ss.: ,
     I, Moses P. Proper, sheriff of the county of Richland, territory of Dakota, do hereby certify that, by virtue of an indenture of mortgage made, executed and delivered by Mary E. Pitcher, mortgagor, to George A. Elder, mortgagee, and the power of sale therein contained, which said mortgage bears date on the fifteenth day of August, 1881, and was on the nineteenth day of August, 1881, at seven o'clock A. M., duly recorded in the office of the register of deeds of said Richland county, territory of Dakota, in Book E of mortgages, on pages 475 and 476, which mortgage conveyed the premises hereinafter described to secure the payment of two thousand five hundred dollars, and interest, according to the conditions of one certain promissory note therein described, on the ninth day of May, A.

D. 1884, at the hour of ten o'clock in the forenoon of said day, having first given public notice of the time and place of the sale by publishing the same as required by law, I did offer for sale at public auction, at the front door of the court house, in the county of Richland and territory of Dakota, and I then and there openly struck off and sold the same to James Wilson for the aggregate sum of three thousand twenty-three dollars and —— cents, in the manner and at the price following, to-wit: All of section number thirteen (13), township one hundred and thirty-six (136) north, of range numbered fifty (50) west; all of said property herein described being sold by me as one parcel, for the price hereinbefore mentioned. And I further certify that the said premises were then and there sold at public auction, and that said purchaser was the highest bidder for said premises, and for each tract or parcel included therein, and that the price hereinbefore mentioned was the highest price bid for each distinct parcel, and the whole price so bid was paid in by said purchaser; and I further certify that the said premises are subject to redemption within one year from the date of said sale, unless said premises are previously redeemed as provided by law.

In testimony whereof I have hereunto set my hand and seal this ninth day of May, A. D. 1884.

MOSES P. PROPER,<br>Sheriff of Richland County, D. T.

By S. B. BRIGHAM, Deputy Sheriff.

Signed, sealed and delivered in the presence of

C. M. STEVENS,<br>J. R. BUXTON."

This certificate of sale was acknowledged as follows;

"Territory of Dakota, County of Richland—ss.

On the ninth day of May, in the year 1884, before me, a notary public in and for said county and territory, personally appeared S. B. Bingham, deputy sheriff of the county of Richland, territory of Dakota, known to me to be the person who is described in and who executed the same as such deputy sheriff,

for the uses and purposes therein expressed, and for and in behalf of said Moses P. Proper, sheriff of said county.

JOSHUA R. BUXTON,

[SEAL.]  Notary Public, Richland Co., D. T.

Filed for record this ninth day of May, A. D. 1884, at 4 o'clock P. M.  J. M. RUGGLES,

Register of Deeds."

From this sale no redemption was made, and May 12, 1885. the sheriff's deed of the premises was made to the respondent. This deed was made by R. N. Ink, sheriff of Richland county. The deed recites Ink's official standing, the description of the mortgage, the sale by the sheriff of Richland county to the mortgagee, the execution of the certificate of sale by the sheriff to the respondent, the fact of no redemption, and then conveys to the said John Wilson (respondent) all the estate, right, title and interest which the said Mary E. Pitcher had on the fifteenth day of August, 1885, or at any time thereafter, in the said premises described in the deed. This deed is signed:

"[SEAL.]  R. N. INK, Sheriff of Richland Co., D. T."
And is duly witnessed.

Said deed was acknowledged as follows:

"Territory of Dakota, County of Richland—ss:

On the twelfth day of May, 1885, before me personally appeared R. N. Ink, sheriff of the county of Richland, territory of Dakota, personally known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he, as such sheriff aforesaid, executed the same.

J. H. MILLER,

Clerk of the District Court in and for Richland Co., D. T.
By C. A. McKEON, Deputy.

Filed for record, May 12, 1885, at 9 A. M.

J. M. RUGGLES, Register of Deeds."

March 22, 1884, the appellant purchased said premises subject to the Pitcher mortgage. After receiving the said sheriff's deed, the respondent demanded possession of Russell, the defendant and appellant, who was in possession under his said deed,

and said demand of possession was refused. Thereupon the respondent brought an action in ejectment. The action was, by consent tried to the court, which then made and filed its findings of fact and conclusions of law, and April 8, 1886, rendered its final judgment, adjudging that the plaintiff, James Wilson, recover of the defendant, Peter Russell, the posssession of said real property, and directing the issuance of an execution to restore the plaintiff to the possession of said lands. Upon the trial the said affidavits of sale, certificate of sale, and sheriff's deed were put in evidence, with other testimony, in support of plaintiff's (respondent) claim to title and right of possession, and they were received and duly objected to.

The appellant has assigned 19 errors relating to the admission of evidence, the overruling of objections to evidence, the findings of fact, and conclusions of law. The most of these assigned errors will not require attention at the hands of the court, since the counsel of the defendant (appellant) really call attention to the two affidavits of sale, the certificate of sale, and the sheriff's deed, stating in their brief that ''upon their sufficiency rests the plaintiff's case.''

The first exception made by the defendant to the findings of fact and conclusions of law embodies all the legal questions put in issue by the defendant (appellant) in this case. Said exception is as follows: The defendant excepts to the fourth finding of fact, ''for that the court therein finds that the mortgage described in the second finding of fact was 'duly foreclosed by a sale of said real estate in manner and form as prescribed by statute, and that, in pursuance of such foreclosure sale, said premises not having been redeemed from sale, the sheriff of said county, by a proper sheriff's deed, duly conveyed to the plaintiff all the right, title and interest had or owned by said Mary E. Pitcher, in or to said real estate, upon ths date of the execution of said mortgage, to-wit: a fee simple title;' to which findings the defendant excepts, upon the ground that there is not sufficient evidence to sustain the same, in this: that the evidence shows that the affidavit of sale, certificate of sale, and sheriff's deed in said foreclosure proceedings, were not ex-

ecuted by the proper parties, and that the acknowlegment of said certificate and deed were not in substantial compliance with the statute, and that said foreclosure proceedings were therefore void, and that the plaintiff acquired no title or right of possession of said premises thereby; the error assigned (16) being that "the court erred in making the fourth finding of fact, for the reasons stated in the exceptions taken and filed thereto, and allowed by the court."

What the counsel of defendant (appellant) really asks the court to find and adjudge is that a deputy sheriff is recognized by certain sections of our codes as an officer independent of the sheriff, and the theory and argument of said counsel is based upon that view, which they have presented to this court with considerable ability and earnestness.

In considering and determining a case brought before this court on appeal, the court will first ascertain what provisions of our own codes affect or are properly applicable to the case at bar, before it will apply to the case any decisions of other courts, however learned, or any rule of common or statutory law, however well established. In other words each case is to be determined upon its own particular facts and circumstances, under the provisions of our own codes applicable thereto, in the light of decisions based upon like or similar provisions in other codes or statutes, or of the common law, in the absence of code or other statutory enactments. The court can thus discover and announce the law and justice of the case itself under consideration, and also the general legal or equitable rule or principle upon which its decision be founded.

The Dakota Codes were made for us in Dakota, and, when this is generally perceived, admitted and acted upon, said codes will become more useful and respected, their admirable provisions will be more apparent, and existing defects therein will be more readily discovered and corrected.

An examination of the provisions of our codes relating to the office and duties, powers and prerogatives, of a sheriff, shows that the sheriff is an elective county officer, vested with

V. 4 DAK.—25

certain powers and authority, and required to perform certain acts, and empowered to appoint deputies, and acting in his own person, or by and through his deputies appointed only by himself; and, in either case, whether acting himself or through his deputy, the act done, if within the scope of his authority, is the official act of the sheriff. A deputy sheriff has no power nor authority other than that which pertains to him and which he exercises as acting for the sheriff by whom he is appointed, to whom he gives bond, and to whom also he is responsible for his acts as such deputy; the sheriff himself, in turn, being responsible for the acts of his deputy as such. When the sheriff ceases to have authority to act, the authority of the deputy also ceases. When the sheriff dies, or is duly succeeded by another sheriff, his deputy can no longer act, as the official personality which appointed him deputy, and for and through whom he, as deputy, was appointed to act, and of whose official existence he was the representative, no longer exists. He is called "deputy sheriff," which means the deputy of the sheriff. He is "one appointed to act for another," and not in his own name, person or right. An execution or other writ is directed to the sheriff, and never to his deputy, and the deputy may execute the writ and make return; but cannot legally do it in his own name or office as deputy, independent of the sheriff, and must do it for and by the authority and in the name of the sheriff for whom and in whose stead he acts. He is the deputy of the sheriff, not of the office of sheriff as distinct from the person holding the office, to act for the person who is sheriff, and by whom he is appointed.

Nowhere in our codes is a deputy sheriff recognized as an independent officer, distinct from the sheriff, or as an official, either *de facto* or *de jure* acting in his own name, authority or right, but always in the name and place of the sheriff, except, perhaps, in a limited sense under such provisions of law as the one providing for the presence of the sheriff or the deputy sheriff at the execution of a person sentenced to death and the signing of the certificate or return to be attached to the death warrant. The words "officer," or "other officer,"

"deputy sheriff," "or his deputy," and the like, found in our codes, do not refer to nor include a deputy sheriff as an official separate or distinct from the sheriff, but as part and parcel of his official existence; and the deputy is mentioned or included in order to include, direct, empower, or make responsible the sheriff in his entirety, and in all his official acts, to their full extent, whether performed by him or by or through his deputy. So the sheriff is by law (Pol. Code, Chap. 6, § 1,) made responsible for the acts of his deputy, as such, on the theory and ground that the sheriff is responsible for his own acts. The deputy is the creature of the sheriff. The sheriff creates him, and he can at any time, while in office, at his own will, destroy his official existence as his deputy.

The words "officer who levies," found in our codes, refer to an officer authorized by law to levy upon property, and a deputy sheriff is not so authorized. He levies for and in the name of the sheriff. The words "officer making such sale," also found in our codes, refer to an officer legally authorized to sell, and no provision of our codes empowers a deputy sheriff to levy upon or sell property in his own name or authority or personality as an official distinct from the sheriff, or by virtue of any official right or power in himself, but only as the deputy of the sheriff. The words "officer or person making the sale," found in Section 606, Code Civil Proc., make a plain and clear distinction between an officer and person other than and as distinguished from an officer, and the word "person," as used in said section, cannot and does not refer to, neither does it include, an officer, or one acting in any official capacity, such as a sheriff or his deputy. And this is again plainly indicated when we refer to Section 602, of the same code, which provides in case of the sale of premises in the foreclosure of a mortgage by advertisement, that "the sale must be at public auction," and "must be made by the person appointed for that purpose in the mortgage, or by the sheriff, or his deputy, of the county."

In the mortgage in the case under consideration no one

was named or appointed to sell the premises, but it was provided in said mortgage that the premises should be sold at public auction, etc., "agreeably to the statute in such case made and provided." This refers to said Section 602, and the sheriff then, under the terms of the mortgage and the provisions of law, was required to sell the property, either himself or through his deputy. He did sell it, and in selling it he, in law, acted in his capacity of sheriff, and not as an individual auctioneer, notwithstanding the fact that the real act of selling or "crying off" the property was performed by his deputy. Indeed, under the law, the sheriff could not have acted, in the selling of the property, in any other capacity than as sheriff. The deputy, in this act of selling, as well as in all his other acts relating to or following said sale, acted as and for, in the name and stead, and by and with the authority of, the sheriff. The act of the deputy is as much the official act of the sheriff as it would be were the sheriff himself present in person, and actually performing the act or duty. It is, doubtless, upon this theory that, in Section 2 of Chapter 6 of Political Code, it is provided that "the sheriff may appoint such number of deputies as he may deem necessary." The theory and fact also is that in appointing a deputy the sheriff does not create a new office, but, so to speak, he diffuses, disseminates, and spreads out his own official personality, existence and authority,—his own official being,—so that he may, for his own and the public convenience, officially be present and act in more than one place at the same time.

When, in the foreclosure of a real estate mortgage by advertisement, the sheriff sells the property at public auction, makes returns thereof, executes a certificate of sale, and a deed conveying the property to the purchaser at such sale, after the legal time for redemption has passed, he acts in his official capacity, and not as an individual, or as an auctioneer. And this is equally true whether he does these several acts himself, or through or by his deputy. Whether all of the different steps or acts are taken or performed by the sheriff himself, or some by the sheriff and others by or through his deputy, they are each

and all, in law, taken and performed by the sheriff. And the court will not criticise too minutely the official statement, report or return, made by the sheriff or his deputy, of such steps or acts, but will seek only to be satisfied that said statement, report or return are made in substantial compliance with the terms and essential substance and forms of law, and show, upon the part of the officer, a sufficient performance of the legal requirements and provisions necessary to make such steps or acts lawful, potent and valid.

One of the highest and most difficult duties of lawyers and courts consists, not only in ascertaining and comprehending a true principle of law or of equity, but also in the proper, just and discriminating application of such principal to the case in hand, and giving it force to the extent that it is applicable, or refusing to apply it from an intelligent perception of its inapplicability. In citing cases counsel should be careful not only to ascertain that the cases they cite lay down correct legal or equitable principles, (which, certainly, cannot be said of every case,) but also that the court, in asserting and applying such principles, asserted and applied them in a case so exactly like or so similar to the case under consideration, and in the argument of which they are cited, as to make the opinion cited of actual and vital application to and of weight in the case at·bar. It is not the number but the weight of the cases cited that tells.

The New York cases cited by counsel for appellant are "off color" for this case, as under the New York law a sheriff, under sheriff, or deputy sheriff were authorized to perform or complete certain acts or functions after the expiration of the term of the sheriff; and the New York law, under which such cases arose, notably with respect to the redemption of lands sold under execution, distinguished between the office of sheriff, under sheriff and deputy sheriff, and the words "the officer making such sale," were therefore held to apply either to the sheriff, the under sheriff, or to a deputy sheriff, as the case might be; Justice NELSON holding in People v. Baker, 20 Wend. 602, that, in the redemption of property sold under execution, payment might be made to the sheriff or deputy who

sold the premises, as "both made the sale, one in fact, and the other in judgment of law." And CHURCH, C. J., in People v. Lynch, 68 N. Y. 477, 478, in referring to the New York statutes said: "The statute of 1847, above quoted, was designed, as before stated, to render certain the person to whom redemption might be made, and I think it clearly recognizes the deputy, when he made the sale, as the officer making the sale, by distinguishing him from the sheriff. I see no way to escape the force of the language in this respect. This means the officer who in fact made the sale, and is confined to one person. If he is absent, then redemption is to be made to the sheriff, indicating, manifestly, that the sheriff was regarded as a different officer from a deputy who actually made the sale. There is not a word in the statute indicating the construction claimed, that the sheriff specified was intended to meen the successor of the sheriff in office when the sale was made, and it will not do to invent a construction against the plain import of the words, nor to interpolate words to reach a construction not warranted by the words employed; especially when the language employed has a practical application, and does not lead to an absurd result. A deputy sheriff is an officer recognized by statute, and may perform nearly all the duties of sheriff. He can execute deeds of land sold by him during or after the expiration of the term of his princpal. Jackson v. Bush, 10 Johns. 223; Jackson v. Davis, 18 Johns. 7; Gorman v. Gale, 7 Cow. 739; Tuttle v. Jackson, 6 Wend. 213; Jackson v. Collins, 3 Cow. 89. He is an officer coeval in point of antiquity with the sheriff. Tillotson v. Cheetham, 2 Johns. 63. By statutes sheriffs are authorized to complete the execution of all final process, after their terms expire, which they shall have begun to execute by collection of money or making a levy, (3 Rev. St. 738, § 92,) and this applies of course, to sales of land made on execution, and receiving redemption, and executing deeds thereon. People v. Baker, 20 Wend. 602."

The New York act of 1847, referred to by CHURCH, C. J., provided that "all redemptions which shall hereafter be made on or after the last day of the fifteen months, by any creditor,

* * * shall be made at the sheriff's office of the county in which the sale took place, and it shall be the duty of the officer making such sale to attend at said office during the last day; * * * and, in the absence of the officer who made the sale from the sheriff's office at such time, then such redemption may be made to the sheriff, and, in his absence, to the under sheriff, or any deputy present at such office," etc.

Without quoting, I may say that an examination of the provisions of our own law concerning the redemption of property sold under execution, and relating to sheriffs and their deputies, makes it manifest that the views expressed in said Lynch Case 78 N. Y. 473–479, and in other cases in the same line, cited by counsel for appellant, even if they were sound law in the cases cited, are not good law for the purposes of this case. They were founded upon provisions of law not found in our codes. Our codes, as already stated, do not recognize the deputy of the sheriff as an official distinct from the sheriff, but as acting only for the sheriff, and in such a sense as to make the act of the deputy the act of the sheriff, except, perhaps, in the limited sense referred to. I have not been able to find in our codes, although they may be therein, the words or designation "deputy sheriff," except in the head line to Section 624, Code Crim. Proc., "Jailer to be Deputy Sheriff," and in the section itself he is called "a deputy appointed by the sheriff," and except in Sections 466, 470 and 471, same code, which refer to the execution of a judgment of death the warrant for which under our laws issues to the sheriff. In said Section 469 the term "under sheriff" is used instead of "deputy sheriff" in one instance. When the deputy of the sheriff is mentioned in our laws, it is generally in the words, "sheriff or his deputy," "the sheriff of the county, by himself or his deputy," "all sheriffs, jailors, prison keepers, and their, and each and every of all of their, deputies," or in similar expressions.

While the words, "the officer making such sale," might, then, have been construed to include and relate to a deputy sheriff in New York, where the deputy sheriff was in the law made and distinguished as an officer distinct from the sheriff,

and capable of "performing nearly all the duties of sheriff," such words cannot be properly so contsrued in Dakota, under our present laws. Then, as we have seen, (in New York) a deputy sheriff could perform certain acts as such deputy, even after the expiration of the term of his principal, the sheriff. In Dakota this is not the case. The powers, duties and functions of a sheriff (and of all his deputies) cease when he dies, is removed from office, or when his term expires, or his holding of the office ends. The office of sheriff is a standing or continuous one. It is the individual holder of the office who goes out and the deputy is his deputy, to act for him, but for him only, as sheriff. When the official life of the particular sheriff terminates, it takes the deputy with it as part of itself. The office remains, but the individual who was sheriff is gone. He can then do nothing further officially, either himself or by deputy, unless specially authorized or empowered by law; and all public moneys, books, records, accounts, papers and documents then in his possession, belonging or appertaining to his office, must be delivered to his successor; and the wrongful refusal of a sheriff to surrender any of the books or papers appertaining to his office to his duly elected or appointed and qualified successor, on demand, is made a misdemeanor.

Section 355 of the Code of Civil Procedure provides that "if the term of service of the sheriff, or other officer who has made, or shall hereafter make, sale of any real property, shall expire, or if the sheriff or other officer shall be absent, or be rendered unable, by death or otherwise, to make a deed or conveyance of the same, any succeeding sheriff or other officer may execute to the purchaser or person entitled thereto, or his legal representatives, a deed of conveyance of said real property so sold," etc. Under our codes a sheriff has a successor. The succession and continuance of the office is provided for. A deputy sheriff has no successor. Under Sections 111 and 112 of the penal Code, if a sheriff wilfully exercises any of the functions of his office after his term of office has expired, and his successor has been duly elected or appointed, and has qualified in his place, and he has notice thereof, he is guilty of a misdemeanor.

It is clear, then, that the deputy of the sheriff is not an official distinct from the sheriff, and is not by our laws so recognized, but acts for and in the name of the sheriff, and cannot, as such deputy, legally act otherwise; that his act is the act of the sheriff, whenever it is within the scope of the authority or duty of the sheriff, and that neither the sheriff nor his deputy can lawfully perform any official act after the sheriff ceases to hold his office. The court will not, except for extraordinary reasons state what the law might or should be, but will interpret the law as it finds it on the statute books.

These conclusions dispose of all the points argued before the court by the counsel for the appellant, except their insistment that the certificate of the officer who took the acknowledgment of the certificate of sale, and the certificate of the officer who took the acknowledgment of the sheriff's deed, are each fatally defective, and make the said certificate of sale and said deed inoperative or void as evidence of title sufficient to sustain the action of ejectment.

The views already expressed with respect to the office of sheriff, and the relation existing between a sheriff and his deputy, will assist us in rightly passing upon the validity of the two certificates of acknowledgment in question.

First, as to the certificate of acknowledgment of the certificate of sale. Had the sheriff himself signed and executed the certificate of sale, then it might have been necessary for him to acknowledge it. But the certificate of sale having been drawn in the name of the sheriff, and signed and executed in his name by his deputy, the deputy was then authorized to acknowledge it for the sheriff in his name, as his deputy, and, in law, the signing and execution of the certificate of sale, and the acknowledgment of it, were each the act of the sheriff. So the said acknowledgment is valid unless there is some fatal defect in the certificate of acknowledgment made by the officer before whom said certificate of sale was acknowledged. The form of each of said certificates of acknowledgment already appears, in full, in another portion of this opinion.

Section 666 of the Civil Code provides that the certificate

of acknowledgment "must be substantially in the following form:

*Territory of*———(*or State of,*)*County of* ———*ss:* On this ———day of———, in the year ——, before me personally appeared ———, known to me (or proved to me on the oath of———) to be the person described in and who executed the within instrument, and acknowledged to me that he (or they) executed the same."

Upon an inspection of the certificate of acknowledgment of said certificate of sale by itself, separate and apart from said certificate of sale; it appears that said certificate of acknowledgment not only substantially but literally conforms to the form required by said Section 666 of the Civil Code, and also contains even more than is provided for. It is however, contended by counsel for appellant that the said certificate of acknowledgment is fatally defective because "the name of the person who appeared before the notary, and acknowledged the execution [of the certificate of sale] does not appear in the body of that instrument. The name of Moses P. Propper alone appears in the body of that instrument, but the notary's certificate does not show that such person ever acknowledged that he executed the same."

In considering this contention, we must turn to the certificate of sale. An inspection of it shows that the name of Moses P. Propper alone, or as an individual, does not appear in it, and that it is made in the name of and by "Moses P. Propper, sheriff of the county of Richland, territory of Dakota." And the said instrument is signed, MOSES P. PROPPER, Sheriff of Richland County, D. T., by S. B. BRIGHAM, Deputy Sheriff." Then the notary certifies that S. B. Brigham, deputy sheriff of the county of Richland, territory of Dakota, known to him to be the person who is described in and who executed the within instrument, personally appeared before him, and acknowledged to him that he executed the same, as such deputy sheriff, for the uses and purposes therein expressed, and for and in behalf of said Moses P. Propper, sheriff of said county.

The act of the deputy being the act of the sheriff, and the

deputy having actually signed, executed, and acknowledged the certificate of sale, for and in the name of the sheriff, whose name and official title and designation appear in full in the instrument thus signed, executed, and acknowledged, and all this plainly appearing in the instrument itself and the certificate of acknowledgment the court will not hold the certificate of acknowledgment void or fatally defective because the officer taking the acknowledgment certifies that the deputy is the person described in the instrument, when in point of fact it is the sheriff who is described therein; particularly when it is clearly manifest, from the very instrument itself, and from the certificate of acknowledgment, that the identical person who actually signed and executed the instrument. and was personally known to the notary taking the acknowledgment to be the person who executed the instrument, appeared before the notary, and acknowledged the execution of the instrument for and in the name and behalf of the person whose name appeared, and who was described in said instrument; the person described in said instrument being a sheriff, and so described therein, and the person who signed, executed, and acknowledged said instrument, for and in the name of the sheriff, being and doing it as his deputy. The act of the deputy in executing the certificate of sale was, as all ready stated, in law, the act of the sheriff. So, in law, the person or official described in the instrument executed it. Then when the deputy appeared before the notary, the sheriff, in law, appeared, and, in law, acknowledged, through his deputy, the execution of the instrument; and so, in law, the person described in the instrument, and also the person who executed it, appeared before the notary, and acknowledged its execution. In the execution and acknowledgment of the certificate of sale we cannot separate the sheriff from the deputy, nor the deputy from the sheriff, since the deputy of the sheriff actually signed, executed, and acknowledged the certificate of sale for and in the name of his principal, the sheriff.

The objection to the form of the certificate of the notary of the acknowledgment of the execution of the certificate of

sale is not sufficient to render the certificate of acknowledgment invalid, or the certificate of sale void or inoperative.

We now come to the objection raised to the certificate of acknowledgment of the sheriff's deed, which deed was made by the sheriff who succeeded said Propper. The real point of the objection seems to be that said certificate does not contain the words, "described in, and who executed," which are part of the said form provided for in said section 666 of the Civil Code. Remembering that it is an acknowledgment of the execution of a sheriff's deed that is in question, and examining the deed itself, we find that, in fact, the person, or rather the official, who signed, executed, and acknowledged it is clearly and fully described in it. It is a deed stated in its body as made by "R. N. Ink, sheriff of the county of Richland, territory of Dakota, party of the first part." It is signed, "R. N. Ink, sheriff of Richland Co. D. T.;" and there is a seal. Then the clerk of the district court before whom the acknowledgment was made certifies as follows: "On this twelfth day of May, 1885, before me personally appeared R. N. Ink, sheriff of the county of Richland, territory of Dakota, personally known to me to be the person whose name is subscribed to the within instrument, and acknowledged that he, as such sheriff aforesaid, executed the same." This certificate might have been drawn in fuller compliance with the form set forth in said Section 666, but is it fatally defective? It is not. It is in substantial compliance with the form required in said Section 666, especially when we read it in connection with the deed to which it is attached; and a court will read a certificate of acknowledgment, when necessary, in the light of the instrument itself, in order, if possible, to discover the needed explanation, or to find a cure for an apparent omission or defect, rather than do an injustice by technically adhering to and considering the certificate of acknowledgment standing alone. When the defect is a vital one, and cannot thus be cured, the court should give it weight, and thus maintain and preserve the essential elements of sound and useful law.

There are at least four essential facts that must appear in

the certificate of acknowledgment, viz: That the person making the acknowedgment persorally appeared before the officer who makes the certificate; that there was an acknowledgment; the identity of the person who makes the acknowledgment as the person who executed the instrument; and that such identity was personally known or proved to the officer taking the acknowledgment. All these things substantially appear in the two certificates of acknowledgment we have been considering, and they very fully appear when we read each of said certificates in the light and with the text of the instrument to which it is attached.

None of the alleged errors relied upon by counsel for appellant for reversal exist in law, and the judgment of the district court is affirmed.

All the justices concurring.