## SUMMERVILLE et al. v. SORRENSON, Sheriff, et al.

(42 L.R.A.(N.S.) 877, 136 N. W. 938.)

**Mortgages — redemption — certificate of redemption.**

Relators claimed to be junior mortgagees and as such entitled to redeem from a certain sheriff's foreclosure sale upon mortgage foreclosure, and attempted to comply with § 7146, Revised Codes of 1905, but furnished a certificate signed by the deputy register of deeds in his own name, instead of one signed in the name of the register of deeds by said deputy. *Held,* that such certificate was and is a nullity, and the sheriff was justified in refusing to issue the certificate of redemption. The section above mentioned, being enacted for the protection of the sheriff and subsequent redemptioners, must be complied with.

Opinion filed February 14, 1912. Rehearing granted April 1, 1912. Opinion on Rehearing filed June 21, 1912.

Appeal by relators from a judgment of the District Court for Ward County; *Goss,* J., quashing a writ of mandamus to compel defendant to issue to relators a certificate of redemption on certain property.

Affirmed.

*H. L. Halvorson* and *Palder, Aaker, & Greene,* for appellants.

The record made by relators on their offer to redeem was sufficient on its face. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; Williams v. Lash, 8 Minn. 496, Gil. 441; Tinkcom v. Lewis, 21 Minn. 132; Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 868; Sardeson v. Menage, 41 Minn. 316, 43 N. W. 66; Wilson v. Hayes, 40 Minn. 531, 4 L.R.A. 196, 12 Am. St. Rep. 754, 42 N. W. 467; Spackman v. Gross, 25 S. D. 244, 126 N. W. 393; Bridgeport v. Blinn, 43 Conn. 274.

*Francis J. Murphy* and *G. S. Wooledge,* for respondent and intervener.

A deputy is merely one who is appointed, designated, or deputized to act for another; he can do nothing whatsoever in his own name, and

Note.—The authorities on the question, in whose name acts by deputy officers should be performed, are reviewed in a note to the above case as reported in 42 L.R.A.(N.S.) 877. Other cases on this point are to be found in notes in 19 L.R.A. 177; 26 Am. Dec. 415; and 106 Am. St. Rep. 825.

any act done by him, unless in the name and by the authority of his principal, is a nullity. Wilson v. Russell, 4 Dak. 376, 31 N. W. 649; Ditch v. Edwards, 26 Am. Dec. 414, and note (2 Ill. 127) Gibbens v. Pickett, 19 L.R.A. 177, and note (31 Fla. 147, 12 So. 17); Joyce v. Joyce, 5 Cal. 449.

BURKE, J. The Kenmare National Bank was the holder of a sheriff's certificate issued to it upon a tract of land sold under mortgage foreclosure by advertisement. Upon the last day but one of the period of redemption, plaintiffs attempted to redeem from said certificate in accordance with § 7146, Revised Codes of 1905, claiming that they were junior mortgagees. They served upon the sheriff, at different times during said day, the following papers: First, a notice of redemption, stating that they desired to redeem "by virtue of a junior mortgage upon said premises dated July 25, 1906, and recorded September 1, 1906, at 8:30 A. M., in book 65 of mortgages, page 42, said mortgage being made to the Minneapolis Thresher Company and by them assigned to the undersigned by an instrument in writing dated May 11, 1909, and filed for record in the office of the register of deeds, Ward county, North Dakota, on the 17th day of July, 1909, and recorded in book 113 of mortgages, page ——, and we the undersigned tender herewith the sum of $1,517.85," etc.; second, a certified copy of the assignment of the mortgage; third, an affidavit of the plaintiffs to the effect that they were legally entitled to redeem from the sheriff's certificate by virtue of the mortgage held by them, and that there was due upon said mortgage the sum of $2,500; fourth, a purported note by the deputy register of deeds of Ward county, in words as follows:

I, S. S. Reishus, deputy register of deeds in and for Ward county, North Dakota, do hereby certify that I have examined the records in regard to the S. ½ N. W. ¼ and lots 3 and 4 sec. 5, twp. 163, rge. 88, and find that the statements regarding the mortgage recorded in book 65 of mortgages, page 42, as above set forth, are correct and true.

(Signed)   S. S. Reishus,<br>Deputy Register of Deeds.

At the same time they paid to the sheriff the money above mentioned.

The sheriff, upon the instigation of the bank, refused to execute and deliver to them a certificate of redemption and an alternative writ of mandamus issued from the district court to the sheriff. The return of the sheriff set forth the facts as stated above, and asked that the Kenmare bank be allowed to intervene and contest the regularity of the redemption. This was allowed, and the defendant bank insisted that the attempted redemption was void for failure to comply with said § 7146. The question for us to decide is whether the redemption was valid or void. Sec. 7146 reads: "A redemptioner must produce to the officer or person from whom he seeks to redeem and serve with his notice to the sheriff: (1) A copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the district court of the county where the judgment is docketed, or if he redeems upon a mortgage or other lien, a note of the record thereof certified by the register of deeds; (2) A copy of the assignment necessary to establish his claim, verified by the affidavit of himself or of a subscribing witness thereto; (3) an affidavit, by himself or his agent, showing the amount then actually due on the lien."

Respondents contend that the proceedings taken by the plaintiff do not amount to a legal redemption, for the following reasons: First, that the relators did not serve with their notice of redemption a note of the record of the mortgage under which they claim to redeem, certified by the register of deeds; second, that the copy of the assignment of the mortgage served upon the sheriff was not verified by the relators or the subscribing witnesses as required by law. Under the first head they point out that the certificate served upon the sheriff was signed by the deputy register of deeds in his own name and right, without signing the name of his principal. In the case of Wilson v. Russell, 4 Dak. 376, 31 N. W. 649, this court, speaking of a deputy sheriff, says: "A deputy sheriff has no power nor authority other than that which pertains to him and which he exercises as acting for the sheriff by whom he is appointed, to whom he gives bond, and to whom also he is responsible for his acts as such deputy; the sheriff himself, in turn, being responsible for the acts of his deputy as such." As the statute authorizing the appointment of a deputy register of deeds and a deputy sheriff are the same, we think the above entitled case is in point. This is also the holding of Ditch v. Edwards, 2 Ill. 127, 26 Am. Dec. 414,

and of the authorities collected in the note in the American Decisions, supra, wherein it is stated: "The question of a deputy's power to sign his own name without specifying his principal most often arises. And the cases, with few exceptions, are uniform that the return, to be valid, should be in the name of the sheriff." Citing many cases. In line with these authorities we must hold that the purported note of record issued by the deputy register of deeds was a nullity, having no effect whatever, and leaving the redemption in the same condition as though none had been served whatever upon the sheriff. As to the legal effect of this omission, we quote from 27 Cyc. page 1832 (F) the following general rule: "Where redemption from a mortgage is made on common-law or equitable grounds, the form in which the transaction is cast is not very material. . . . But in the case of a redemption after sale on foreclosure, the provisions of the statute granting the right and regulating the manner of its exercise must be strictly pursued." In Wilcoxson v. Miller, 49 Cal. 193, it was held that "a person claiming the right to redeem from a sheriff's sale, as a judgment creditor, must produce for the sheriff a copy of the docket of the judgment, and an attempted redemption is ineffectual without such production, and the sheriff's deed is void. The power of the sheriff in relation to redemption is purely statutory, and his acts are nugatory unless the provisions of the statute are pursued." In the case of Tinkcom v. Lewis, 21 Minn. 132, the attempting redemptioner failed to file the affidavit as to the amount due upon his lien, as required by their statutes. The court held this omission fatal to the redemption, and used this language: "The sections of chapter 81 which confer the right to redemption, . . . being of a remedial character, . . . should receive such liberal construction, . . . but by no allowable liberality of construction can we hold that the computation made by the defendants and the sheriff 'of . . . L. & S's claim on the 80 acres' is equivalent to the affidavit required by the third subdivision of § 14. The right of redemption from sales upon foreclosure by advertisement is wholly the creature of the statute; and while we would construe the statute liberally in favor of the mortgagor and redeeming creditors, we cannot dispense with or repeal its positive terms. Merely formal deviations or irregularities may be overlooked; but there must be a substantial compliance with the express requirements of the statute, in order to a valid redemption.

The language of § 14 is clear and imperative. The person desiring to redeem shall produce to the sheriff . . . 'an affidavit of himself or his agent, showing the amount then actually due on his lien.' The object of this requirement is to provide the evidence whereby a junior creditor may know the amount necessary to be paid to the senior creditor upon a redemption from him." In the same case it is held that the holder of the certificate "is not affected by the sheriff's waiver, the sheriff not being in any sense his agent." Citing Horton v. Maffitt, 14 Minn. 289, Gil. 216, 100 Am. Dec. 222; Davis v. Seymour, 16 Minn. 210, Gil. 184. The redemption was held invalid. We have purposely quoted at length from this Minnesota case, because it is one of the cases relied upon strongly by the appellant. In the same case, and as an additional reason for the invalidity of the redemption, it is insisted that the junior mortgagee did not produce to the sheriff a copy of his assignment as required by the Code, but in its stead produced the original instrument, together with the indorsement of the register of deeds that it had been duly recorded. The court said that the statute did not require the sheriff to refuse a higher class of proof than named therein. This seems to be their idea of informal deviations from the Code. To the same effect are the cases of Wilson v. Hayes, 40 Minn. 531, 4 L.R.A. 196, 12 Am. St. Rep. 754, 42 N. W. 467; Pamperin v. Scanlan; 28 Minn. 345, 9 N. W. 868, and other cases relied upon by appellant. Whenever the omission is material the redemption fails. In Spackman v. Gross, 25 S. D. 244, 126 N. W. 393, the redemption certificate issued to Spackman was set aside because a duplicate of the notice of redemption was not filed with the register of deeds, although he had made some attempt to comply with the said provision by leaving the notice there several days. See also Chapin v. Kingsbury, 135 Mass. 580, where it is held that recording an instrument does not comply with the statute requiring it to be filed.

Upon the authority of the above cases we are inclined to the holding that the omission of the note by the register of deeds required by § 7146 is fatal to the redemption, and that the purported certificate by the deputy does not supply the omission.

This conclusion renders it unnecessary to pass upon the other objections raised by the respondents,—that the copy of the assignment of the mortgage was not properly verified, and that the appellants are not,

upon the records before us, proven tó be redemptioners. The trial court properly quashed the writ upon the return, and the judgment is affirmed.

Mr. Justice Goss, being disqualified, took no part in the decision. Honorable CHARLES F. TEMPLETON, Judge of the First Judicial District, sitting in his stead on the rehearing only.

## On Rehearing.

PER CURIAM.  Upon rehearing, plaintiffs complain of that part of the decision wherein we held that a certificate made by the deputy register of deeds in his own name was not sufficient to meet the requirements of § 7146, Revised Codes of 1905, which calls for a certificate by the register of deeds.  They insist that a certificate made by the deputy is just as good as one made by the deputy in the name of his principal, and point out defects in the law whereby they claim that, if the register should die upon the last day of redemption, they would have been without power to obtain this certificate.

We cannot agree with their view.  The deputy is responsible upon his bonds only for his official acts.  For his private acts he is responsible to no one.  When he signs the name of his principal to a certificate, it is an ófficial act.  When he signs his personal name to a certificate it is his private business.  So far as we know, there is no law against any citizens examining the records and making certificates as to their contents.  The deputy might claim that he was running a personal information bureau.  Supposing the certificate issued in this case was false and the register of deeds was called upon in a suit to stand the damages, he would reply that the act of the deputy was not an official act, and no liability rested upon the register therefor.  The deputy gives no bond to the state or county.  His bond runs to the register only, and is for his official acts only.  The laws are passed with due consideration for the rights of all of the people, and not for the benefit only of redemptioners.

And again, admit for the sake of argument that the law is not a good one, and does not meet every contingency.  Is that any reason why this court should amend it?  It would not be the first time that a court has found an imperfect law that could have been immensely improved by

23 N. D.—30.

the addition of a few sentences. When some fatherly courts have made the attempt to insert such provisions, however, they were loudly accused of usurpation of legislative power. It is just possible that this law should be amended to provide that the deputy should be able to make this certificate in his private capacity, and it is further possible that this duty should be imposed upon the clerks of the office, the office boy or the janitor, but the legislature has seen fit to place it upon the register of deeds, or his deputy acting in his official capacity, under his official bond. We have nothing to do but give to this legislative act its plain English meaning. That the language does not admit of any other interpretation is shown by the fact that all of the courts passing upon the language have given to it the same reading. Plaintiffs cite no cases, and there are likely none holding otherwise. Just why we should now establish a minority line of decisions with such a light excuse we cannot see.

We hold to our former decision that the certificate of the private citizen, though self-described as a deputy register of deeds, was a nullity, and the redemption attempted void, even though it should be further conceded that plaintiffs were in fact redemptioners.

FISK and BRUCE, JJ., dissenting.

On the rehearing, Honorable Chas. F. TEMPLETON, Judge of the First Judicial District, sat with the court by request in place of Mr. Justice Goss disqualified.

FISK, J. (dissenting). After reargument, and on more mature deliberation, I am obliged to dissent in this case. The majority opinion announces a rule which, in my judgment, is technical in the extreme. It gives effect to the mere letter of the statute, and ignores its true meaning and intent. I believe in a case like this, involving, as it does, the right of redemption, the court should give the statute a liberal construction in favor of the redemptioner. Such is the rule as I understand it; and the rule is a wise and salutary one, as it works no injustice to the certificate holder who gets his money with interest, while the property is made to satisfy as much of the debtor's liabilities as possible. It is held by the majority of my associates that, because the certificate or note of the record as to the mortgage under which a redemption is

sought was signed by the deputy register of deeds in his own name, and not in the name of his principal by himself as such deputy, that the alleged redemption is utterly null and void. This in the face of the fact that the officer from whom the redemption was attempted to be made was satisfied with the proof submitted by appellant of his right to redeem, and accepted the money necessary to effect such redemption.

I deem the majority opinion erroneous and the precedent thereby established most dangerous, and will, without elaboration, state my reasons.

1st. I believe that the statutory requirement as to proof of the mortgage was sufficiently complied with. In other words, the language of the Code (§ 7146), "or, if he redeems upon a mortgage or other lien, a note of the record thereof certified by the register of deeds" should not be construed literally, but that all that is and was intended to be required was a note of such record signed by the officer in charge of the office, having authority to represent and act for the register. In any event where such deputy affixed the official seal of the office to such document, together with his own signature, it is, I believe, a substantial compliance with the statute, and cannot be treated as a nullity. At most it is a mere irregularity. I think the affixing of the seal of the office when the certificate is signed by the deputy should be treated in a case like this as the equivalent of subscribing the officer's name by such deputy. There can be no doubt that, in making the certificate or note of the record in question, the deputy acted in the line of his official duties, and is responsible on his bond to the register of deeds for a failure to perform such duties according to law. The case of Wilson v. Russell, 4 Dak. 376, 31 N. W. 645, is chiefly relied on by my associates as sustaining their conclusion. As I read the opinion it is far from being in point in the case at bar. There, a deputy sheriff, in conducting foreclosure proceedings by advertisement, did so in the name of his principal, the sheriff. He made the certificate of sale, and acknowledged the same in the name of his principal by himself as deputy, and the sheriff's deed was signed and acknowledged by the sheriff in person. The foreclosure was sought to be set aside upon the alleged grounds that the deputy was an independent officer, and should have acted in his name as deputy merely, and that the acknowledgments of the certificate of sale and deed were insufficient. The court very

properly held that the proceedings were valid, and it refused to vacate the same. No such question as is here involved was before the court. The inevitable logic of the majority opinion, in exacting a compliance with the strict letter of the statute, is that no redemption can be made during a vacancy in the office of the register of deeds by death or otherwise, although the Code gives the debtor or redemptioner one full year from the sale in which to redeem. I apprehend that in such an event some other proof of the record of the instrument under which it is sought to redeem would suffice.

2d. I do not think the statutory provisions (§ 7146, Revised Codes), requiring certain proof to be made to the officer, were intended for the benefit of the certificate holder. Such proof is made *ex parte* to such officer, and is in no way binding on the holder of the certificate. He may always question the fact of the alleged redemptioner's right to redeem, even though such proof is strictly in conformity with the statute. He ought not to be permitted to use technicalities as to such proof. If the same, although not technically as required by statute, is satisfactory to the officer to whom such proof is made, and he accepts the redemption money, the certificate holder ought not to be permitted to complain, for he is not injured. He, of course, may always question the alleged redemptioner's right to redeem, but if he is in fact a redemptioner, the holder of the certificate is in no way injured. Suppose a person who is unquestionably a legal redemptioner applies for a certified note of the record of the mortgage under which he claims the right to redeem preparatory to effecting a redemption, and the deputy in charge of the office of the register of deeds prepares and delivers to him a certificate identically like the one in this case. He presents it to the sheriff with his other proof, without examining the same, relying on the presumption that it is properly executed. Such proof is satisfactory to the sheriff, and he accepts the redemption money one week before the expiration of the year of redemption. The day following the expiration of the redemption period the certificate holder, while conceding that the alleged redemptioner was a lawful redemptioner under the statute, repudiates such redemption solely on account of the irregularity of the certificate aforesaid. Is it possible that any court would uphold such a contention? I think not. Whether the attempted redemption was made a week before the expiration of the redemption

period or on the last day thereof, the rule would, of course, be the same.

For the above briefly stated reasons, I find myself unable to concur in the majority opinion.