THOMPSON, Respondent, v. HART, et al, Appellants.

(251 N. W. 306.)

(File No. 7484. Opinion filed December 5, 1933.)

*Zimmerman & Nisbet,* of Dell Rapids, for Appellants.
*Joe H. Kirby,* of Sioux Falls, for Respondent.

WARREN, J. Mary Margaret Thompson as executrix of the last will and testament of her deceased husband, gave a real estate mortgage to the Iowa Joint Stock Land Bank upon 240 acres of real estate located in Minnehaha county, S. D. It was an amortization mortgage providing for the payment of $513.30 on the 1st

of January and the 1st of July. The amortization certificate, falling due on the 1st of January, 1930, came into the hands of one Bruce Hart, who subsequently assigned it to the Granite City Bank of Dell Rapids, S. D., who started foreclosure proceedings by advertisement. Appellants herein claim some interest, equity, or lien in said property adverse to the plaintiff, and an action was brought by the plaintiff for the purpose of determining the adverse claims to the property and quieting title thereto in the plaintiff. Said trial was had without a jury, and judgment was entered in favor of the plaintiff. From an order denying a new trial and from the judgment, defendants appeal.

This case seems to hinge entirely upon the legality of a certain certificate of acknowledgment of a purported assignment from the Iowa Joint Stock Land Bank to Bruce Hart, which assignment was made on January 27, 1930. It reads as follows:

"State of Iowa County of Woodbury SS

"On this 27th day of January in the year 1930, before me C. C. Fowler, a notary public, in and for said county and state, personally appeared H. J. Crouse, known to me to be an officer of the corporation described in the within instrument, having authority to execute such instrument, and acknowledged to me that such corporation executed the same."

Before foreclosure by advertisement, it was necessary that proper assignment be duly recorded (section 2877, Rev. Code 1919) and respondent contends that this certificate of acknowledgment is insufficient under the law to authorize its recording; that therefore it had never been duly recorded, and the whole foreclosure proceedings are void.

The certificate of acknowledgment is apparently drawn to comply with section 587 of the S. D. Revised Code of 1919. However, since that time the form and substance of a certificate of acknowledgment has been changed by the Legislature of 1921, see chapter 2 of the S. D. Session Laws of 1921.

This amendment of the 1921 Legislature simply put the form of corporation acknowledgments back to where it was before the revision of the Code of 1919, with the exception that the acknowledgment before the revision in 1919 specified the "President" and "Secretary" instead of officer.

On account of the wording of our statutes governing acknowledgments, the authorities presented by appellants and respondent give little assistance in deciding the validity of the acknowledgment before us.

If a close and strict construction is to be imposed in deciding this case, it might be considered close to the border line. In the body of the instrument we find that a certain corporation is the assignor, and at the foot of the instrument we find that it is executed as follows: "The Iowa Stock Land Bank by H. J. Crouse, its Vice President. R. R. Brubacker, its Secretary. Corporate Seal." Then follows the certificate of acknowledgment in which the notary states in part that: "Personally appeared H. J. Crouse, known to me to be an officer of the Corporation described in the within instrument, having authority to execute such instrument and acknowledged to me that such corporation executed the same." While it is technically true that the certificate of acknowledgment does not state that H. J. Crouse is the corporation's vice president, yet it does say that he is an officer of the corporation, and the notary says that he knows that Crouse has authority to execute the instrument for and in behalf of the corporation, and further that "Crouse" acknowledged that the corporation executed the same.

Considering the certificate of acknowledgment before us, and comparing it with the form of acknowledgment existing at the time of the execution of the instrument in question, which was chapter 2, of the 1921 South Dakota Session Laws, subdivision 2 of section 1, and which reads as follows:

"The certificate of acknowledgment of an instrument executed by a corporation must be substantially in the following form:

"Territory of ——— or State of ——— County of ——— ss.

"On this — day of ———, in the year ——— before me (here insert the name and quality of the officer), personally appeared ———, known to me (or proved to me on the oath of ———) to be the ——— of the corporation that is described in and that executed the within instrument, and acknowledged to me that such corporation executed the same"—it will be observed that a certificate of acknowledgment of the instrument executed by a corporation must be "substantially in the following form."

Our court, speaking through the late Presiding Judge Corson,

in State et al v. Coughran et al, 19 S. D. 271, 103 N. W. 31, 34, treating a matter in which it appeared that the notary had not followed the statutes strictly in his acknowledgment, in that the notary failed to certify that one Taylor was president of the corporation described in and that executed the instrument, said: "While the certificate is somewhat informal, we are of the opinion that it substantially complies with the provisions of the statute."

A further examination of the prescribed statutory form of acknowledgment discloses that it is necessary to insert the name of the person who appeared, and that he must be known to the officer or proved by oath of some person to be some individual of the corporation that is described in the instrument. In this case the name of the officer executing is inserted in the acknowledgment, but there is a failure to include and set out that he is "its vice president," but the acknowledgment says that he is an officer of the corporation described in the within instrument. Examining the subscription, we find that the signature designates "The Iowa Stock Land Bank, by H. J. Crouse, its vice president." From the reference made in the acknowledgment that the notary knew Crouse to be an officer of the corporation, it is fair to assume that he knew the quality of his office and that he was as designated, to wit, "its vice president."

Section 544 of the 1919 South Dakota Revised Code is as follows: *"Officer Execute Instruments.* Any officer of a corporation, authorized by the charter or articles of incorporation, the by-laws, or the consent of the stockholders or of the board of directors of such corporation, may execute deeds, mortgages, assignments of mortgage, releases of mortgage and all other instruments in the name of such corporation and acknowledge the same on behalf of such corporation."

Construing this section with chapter 2 of the 1921 South Dakota Session Laws, we are unable to see how the acknowledgment before us can be considered vitally defective. The vital elements of the statutory requirements are contained within the acknowledgement, and, when we have recourse to the statutory requirement in which it says "must be substantially in the following form," we must hold it adequate.

Applying the rules adopted by the territorial court in Wilson v. Russell, 4 Dak. 376, 31 N. W. 645, 655, to the facts before us,

we come to the conclusion that the acknowledgment is not defective, as there has been a substantial compliance with the form required in subdivision 1 of section 1, chapter 2, 1921 Session Laws. The interpretation in Wilson v. Russell was as follows: "It is in substantial compliance with the form required in said section 666, especially when we read it in connection with the deed to which it is attached; and a court will read a certificate of acknowledgment, when necessary, in the light of the instrument itself, in order, if possible, to discover the needed explanation, or to find a cure for an apparent omission or defect, rather than do an injustice by technically adhering to and considering the certificate of acknowledgment standing alone. When the defect is a vital one, and cannot thus be cured, the court should give it weight, and thus maintain and preserve the essential elements of sound and useful law." See, also, Hiles v. La Flesh, 59 Wis. 465, 18 N. W. 435; Warder v. Henry, 117 Mo. 530, 23 S. W. 776; Wilson v. Quigley et al, 107 Mo. 98, 17 S. W. 891; Harris v. Pratt, 37 Kan. 316, 15 P. 216.

Having decided that the certificate of acknowledgment to the assignment in question is sufficient and valid, other assignments of error urged by appellants will not be considered.

The judgment and order appealed from are reversed.

All the Judges concur.