**STEWART et al. v. BERG et al.**

No. 7409.

Supreme Court of North Dakota.

July 28, 1954.

Rehearing Denied Sept. 2, 1954.

J. K. Murray, Bismarck, for appellant A. D. Hostetler.

Emil A. Giese, Carson, for respondents.

SATHRE, Judge.

This is an appeal from an order of the District Court denying defendant's application to vacate a default judgment and for leave to answer. The action was brought to determine adverse claims and to quiet title in the plaintiffs to the following described real estate situated in the County of Grant, and State of North Dakota, to-wit: The Northeast Quarter (NE¼), and Northwest Quarter (NW¼), and Southeast Quarter (SE¼), of Section Twenty-nine (29), and Northeast Quarter (NE¼), and Southeast Quarter (SE¼), and Southwest Quarter (SW¼), and North Half of Northwest Quarter (N½ NW¼) and Southeast Quarter of Northwest Quarter (SE¼NW¼) of Section Thirty-two (32), all in Township One Hundred Thirty-two (132) North, Range Eighty-six (86) West of the Fifth Principal Meridian.

The complaint is in the statutory form. Service of the Summons was had by publication as required by statute. There was no answer or appearance by any of the defendants, known or unknown. Judgment by default was entered on the 29th day of July, 1950.

On the 21st day of February 1953, A. D. Hostetler, designating himself as an unknown defendant, served notice of motion to vacate the default judgment and to permit him to interpose answer.

The hearing on the notice of motion to vacate was had before the Hon. J. O. Wigen, Judge of the District Court of Grant County on the 24th day of July 1953 after which the court entered an order denying the motion to vacate and the defendant Hostetler appealed. The application to vacate the default judgment was not brought within a year after the rendition of the judgment as required by Section 32–1713, NDRC 1943, and therefore his right to reopen was barred unless he could establish that the court in rendering the default judgment was without jurisdiction or had failed to comply with some jurisdictional pre-requisite.

The land involved in this action was acquired by Grant County through tax deed proceedings. Thereafter the plaintiffs in this action purchased the land from Grant County. The record owner at the time the tax deed proceedings were had by Grant County was one John Soehren. The defendant A. D. Hostetler claims to be the owner of Section Twenty-nine (29) Township One Hundred Thirty-two (132), Range Eighty-six (86), Grant County, North Dakota, by virtue of a warranty deed from the said John Soehren dated on the 12th day of December, 1935.

This deed was not introduced in evidence, nor is there any testimony that it was recorded in the office of the register of deeds.

The regularity and validity of the tax deed proceedings by Grant County were not an issue in the District Court and are not an issue here. Three points are presented by the appellant on this appeal:

1. That the district court was without jurisdiction to enter judgment in the default action in that the sheriff's return was defective, and did not comply with the statutory requirements; that the affidavit for publication of the Summons was defective and did not comply with the statutory requirements;

2. That the class of defendants designated as unknown persons had a limitation attached thereto. That there is no allegation in the complaint nor in the affidavit for service by publication that not any of the defendants designated as unknown persons were in possession of the land.

3. That the court abused its discretion in not vacating the default judgment.

The only testimony in the case is that of Emil A. Giese, the attorney for the plaintiffs in the default action who was called as a witness by the defendant A. D. Hostetler. He testified that the summons and complaint were dated April 10, 1950 and that on that date said summons and complaint were delivered to the sheriff for service and that on the 11th day of April 1950, the sheriff of Grant County made his return of defendants not found. In his return the sheriff certified that the Summons and Complaint came into his hands for service on the 10th day of April 1950, and that he had made diligent search and inquiry for the defendants named in the Summons and Complaint, naming each of said defendants, and for all other persons unknown claiming any estate or interest in or lien or incumbrance upon the property described in the Complaint but that after such search and inquiry for the purpose of serving the Summons and Complaint, he was unable to find any of the defendants in the State of North Dakota or to make personal service of said Summons and Complaint upon any of said defendants. The return was dated at Carson, North Dakota, on the 11th day of April 1950.

Mr. Giese further testified that after the sheriff had made his return and on the 11th

day of April 1950 he filed the Summons, Complaint, Sheriff's Return and his Affidavit for Publication of the Summons in the office of the Clerk of the District Court, and that the affidavit for publication was executed by him as attorney for the plaintiff on April 11, 1950, after filing the Summons, Complaint and Sheriff's Return.

In his brief the defendant asserts that the Sheriff's Return and the Affidavit for Publication are untrue and false and fatally defective upon their face and that the sheriff made no search for defendants unknown. Clearly it would have been an idle act to attempt to make a search for a person unknown and not in possession and whose interest was not shown in the records of the office of the register of deeds, clerk of the district court or the county auditor.

In the case of Bartell v. Morken, N.D., 65 N.W.2d 270, we said:

"We also point out in answer to a further objection by the plaintiff as to the validity of these proceedings that there is no requirement as to unknown parties defendant that the sheriff make a return stating that after diligent inquiry for the purpose of serving the summons he is unable to make personal service upon such defendants. The absurdity of such a return is apparent. To require the sheriff to make a return in a civil action showing that he has made diligent search and inquiry for persons unknown and whose interests are unknown would be a completely idle and unfruitful act and one which the law does not contemplate."

The sheriff's return certified in the language of Section 28–0620, NDRC 1943, that after diligent search and inquiry for the purpose of serving such summons and complaint he was unable to find any of the said defendants in the State of North Dakota or to make personal service of the Summons and Complaint upon such defendants. The Summons and Complaint were delivered to the sheriff on April 10th and he made his return on April 11th. The Summons, Complaint, Sheriff's Return and Affidavit for Publication of the Summons were filed in the office of the Clerk of the District Court April 11, 1950. The Affidavit of Publication of the Summons executed by the attorney for the plaintiffs complied strictly with the requirements of Section 28–0620. It was made and filed at the time of filing of the Summons and Complaint, and after the return made by the Sheriff. The appellant has not cited any fact or circumstance which would indicate that the Sheriff's Return and the Affidavit of Publication were false and untrue.

The defendant next argues that the designation in the pleadings "all other persons unknown etc.", is defective and that under the provisions of Section 32–1706, NDRC 1943, the phrase "and not in possession" should have been added to such designation.

Section 32–1705 prescribes the form for joining unknown defendants and reads as follows:

"In an action to determine adverse claims all persons appearing of record to have estates or interests in, or liens or encumbrances upon, the property, and all persons in possession, may be joined as defendants, and all others may be joined by inserting in the title of the action the following: 'All other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the complaint.' "

Section 32–1706 reads as follows:

"All persons having or claiming an estate or interest in, or lien or encumbrance upon, the property described in the complaint, whether as heirs, devisees, legatees, or personal representative of a deceased person, or under any other title or interest, and not in possession, nor appearing of record in the office of the register of deeds, the clerk of the district court, or the county auditor of the county in which the land is situated, to have such claim, title, or interest therein, may be proceeded

against as persons unknown, and any order, judgment, or decree entered in the action shall be valid and binding on such unknown persons whether of age or minors, and on those claiming under them."

There is no provision or requirement in either statute to the effect that the phrase "and not in possession" must be added to the designation "unknown defendants." On the contrary section 32–1706 provides specifically that "all persons having or claiming an estate or interest in, or lien or encumbrance upon, the property described in the complaint, whether as heirs, devisees, legatees, or personal representatives of a deceased person or under any other title or interest, and not in possession, nor appearing of record in the office of the register of deeds, the clerk of the district court, or the county auditor of the county in which the land is situated, to have such claim, title, or interest therein, may be proceeded against as persons unknown". Clearly the defendant's contention in this respect is without merit.

The plaintiffs purchased the real property involved herein in November 1943 and took possession at that time and were in possession thereof at the time of the commencement of the action and there is no proof in the record to the contrary.

In his proposed answer the defendant Hostetler states that he purchased the land in question from John Soehren on the 12th day of December 1935 the then owner, "that immediately upon such purchase this answering defendant went into possession of same and remained in possession of said property until the 12th day of December 1942 at which time he moved to Coeur d' Alene, Idaho."

In the record are also the affidavits of O. E. Loeffler, the register of deeds, O. Heupel, county auditor and M. F. Landgrebe, clerk of the district court, stating that they have made examination of the records in their offices with reference to Section Twenty-nine (29) Township One Hundred Thirty-two (132) North Range Eighty-six (86) West, Grant County, North Dakota, and that there are no instruments of record in their respective offices disclosing that A. D. Hostetler at any time had any interest in or lien or encumbrance upon the said described premises. These affidavits were made March 4, 1953.

▬ Defendant finally contends that the court abused its discretion in not vacating the default judgment.

Section 32–1713, NDRC 1943, provides:

"A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise."

This is a special statute having application to actions brought to determine adverse claims proceeded against by name or as unknown parties. In order to be entitled to take advantage of this statute the defendant must make his application for reopening of a default judgment within one year after the rendition of such judgment but not otherwise. In the instant case the default judgment was entered on the 29th day of July 1950. The defendant did not make his application for reopening and vacating the judgment until February 21, 1953, a period of two and one half years after the rendition of the default judgment. Clearly under the statute the trial court was without power to reopen and vacate the judgment.

The judgment is affirmed.

MORRIS, C. J., and BURKE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.