Olney BURTMAN, Plaintiff and Respondent,

v.

C. A. SKEIE, Divide County, a public corporation of North Dakota, and all other persons unknown claiming any estate or interest in, lien or encumbrance upon the property described in the complaint, whether as heirs, devisees, legatees, personal representatives, assigns, or successors in interest of any defendant that may be deceased, Defendants,

and

Clayton A. Skeie, Defendant and Appellant.

No. 7415.

Supreme Court of North Dakota.

May 2, 1955.

Rehearing Denied June 6, 1955.

Thos. F. Clifford, Minot, for defendants and appellant.

Geo. P. Homnes, Crosby, for plaintiff and respondent.

SATHRE, Judge.

This is an appeal from an order of the district court of Divide County denying the application of the defendants for an order vacating a default judgment and for leave to interpose answer. The action was brought to determine adverse claims and to quiet title in the plaintiff to the following described real estate situated in the county of Divide, State of North Dakota, to-wit: The East half of the Southwest quarter (E½ SW¼) and Lots Three (3) and Four (4) of Section Nineteen (19) Township One Hundred Sixty (160) North of Range Ninety-seven (97) West of the Fifth Principal Meridian.

The complaint is in the statutory form. Service of the summons was had by publication as required by statute. There was no answer or appearance by any of the defendants, known or unknown. Judgment by default was entered quieting title in the plaintiff on September 7, 1951.

On May 4, 1953 the defendants presented to the Hon. A. J. Gronna, Judge of the District Court of Divide County a notice of motion to vacate judgment and for leave to interpose answer. The motion was supported by the affidavits of Romeo G. Skeie, and Clayton A. Skeie, two of the defendants; and by the affidavit of their attorney Thos. F. Clifford and also by a proposed answer. The court fixed the hearing on the motion for May 16, 1953 at the court house at Crosby, Divide County, North Dakota. On May 13, 1953 the parties to the action by their respective attorneys stipulated in writing to submit the matter

to District Court for decision upon written briefs without oral argument.

On July 3, 1953 the District Court made an order denying the motion of the defendants to vacate the judgment, and the defendants appealed from the order to the Supreme Court.

The plaintiff filed with the District Court his return to the order to show cause and his affidavit of proof in support thereof.

In his return to the order to show cause the plaintiff resisted the motion of the defendants on the grounds first that defendants have not shown sufficient cause to entitle them to an order vacating the judgment, and second that plaintiff's action was brought to determine adverse claims and that the application to vacate the judgment was not made within one year after the rendition of the judgment as required by Section 32–1713, NDRC 1943.

The defendants challenge the validity of the tax deed proceedings had by Divide County which resulted in the sale of land involved to the plaintiff. They also contend that the affidavit for publication of the summons in the action of the plaintiff to determine adverse claims was a nullity and that the court was without jurisdiction to render judgment quieting title in the plaintiff.

It appears from the record and the judgment roll that when the tax deed proceedings were had by Divide County, and when the plaintiff's action was brought, C. A. Skeie, of Sunburg, Minnesota, was the record title owner as shown by the records in the office of the Register of Deeds of Divide County. The defendants in the present proceedings are the sons and daughter of said C. A. Skeie. However, the records in the offices of the Register of Deeds, County Auditor and Clerk of the District Court do not show that the defendants, or either of them ever had any interest in the land involved in this action. The defendants in plaintiff's action to determine adverse claims and quiet title in him were: C. A. Skeie, Divide County and all other persons unknown claiming any estate or interest in, or lien or incumbrance upon the property described in the complaint, whether as heirs, devisees, legatees, personal representatives, assignees or successors in interest of any defendant that may be deceased. Service of the summons was had by publication as required by law. The sheriff's return certifies that the summons and complaint came into his hands for service July 10, 1951; that after diligent search and inquiry for the purpose of serving the summons and complaint he was unable to make personal service thereof upon the defendant C. A. Skeie and all other persons unknown named as defendants.

The affidavit for publication of the summons made by the attorney for the plaintiff is in proper and legal form; copies of the summons and complaint were mailed to the defendant by registered mail, postage prepaid within ten days after the first publication of the summons as required by statute. In short the record shows that the plaintiff complied with all statutory requirements in bringing his action to quiet title and determine adverse claims and that judgment was regularly entered therein. All of the defendants defaulted.

The statute applicable to these proceedings is Section 32–1713, NDRC 1943. This is a special statute having application to actions brought to determine adverse claims proceeded against by name or as unknown parties and reads as follows:

"A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise."

In the case of Hart v. Hone, 57 N.D. 590, 223 N.W. 346, 348, we said:

"Section 8156 [Sec. 32–1713 NDRC 1943] * * * applies to all cases in which judgments have been rendered by default in statutory actions to quiet title. It applies as well where a named defendant has been personally served with process as where an unknown defendant has been served by publication."

See also Stewart v. Berg, N.D., 65 N.W.2d 621.

The application of the defendants to vacate the default judgment was not made within one year after the rendition of the judgment as required by said Section 32–1713, NDRC 1943, and therefore their right to reopen was barred, unless they could establish that the court in rendering the default judgment was without jurisdiction or had failed to comply with some jurisdiction prerequisite.

It is fully established by the record that all of the proceedings had in the action brought by the plaintiff to determine adverse claims and to quiet title to the land involved were in all things regular and in compliance with statutory requirements. The defendants having failed to make their application to vacate the judgment within one year after the rendition thereof, the trial court was without power to reopen and vacate judgment.

The judgment is affirmed.

BURKE, C. J., and MORRIS and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.