IN RE INTEREST OF A. W., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. T.M. W., APPELLANT.
401 N.W.2d 477

Filed February 20, 1987. No. 86-550.

Steven Lefler of Lefler Law Firm, for appellant.

Donald L. Knowles, Douglas County Attorney, and Francis T. Belsky, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

T.M.W. appeals from the juvenile court's termination of her rights as the mother of her 6-year-old son and from the overruling of her motion to vacate the judgment of termination. We reverse with direction.

We note at the outset that appellant's brief fails to assign any specific error. In such a circumstance the decision appealed from will be affirmed unless this court elects to note plain error. *Reynolds v. Myers, ante* p. 509, 398 N.W.2d 722 (1987); *In re Interest of P.W., ante* p. 197, 397 N.W.2d 36 (1986); Neb. Rev. Stat. § 25-1919 (Reissue 1985); Neb. Ct. R. of Prac.

9D(1)d (rev. 1986). In this instance appellant's arguments suggest the presence of an issue having constitutional magnitude, which we analyze in order that we may determine whether plain error exists.

The State filed a petition on October 18, 1985, alleging that appellant had abandoned her son by leaving him with her mother on December 4, 1984, and praying that, among other things, the juvenile court terminate the appellant's parental rights. The juvenile court placed the child in temporary foster care on the day the petition was filed. Thereafter, on October 31, 1985, an employee of the juvenile court filed a motion for service by publication, which was combined with an affidavit reciting that he had contacted the "proper persons or officials at the following places":

> Omaha City Directory; Northwestern Bell Telephone Company; Omaha Public Power District; Metropolitan Utilities District; Drivers License Bureau; Department of Corrections-710 So. 17th St.; Jail, City of Omaha; United States Post Office; Archbishop Bergan Mercy Hospital; Bishop Clarkson Memorial Hospital; Douglas County Hospital; Immanuel Medical Center; Lutheran Medical Center; Midlands Community Hospital; Nebr. Methodist Hospital; Nebraska Psychiatric Institute; St. Joseph Hospital; University of Nebraska Medical Center; Veterans Hospital; Virginia Gross, 444-6674; Lori McKeon, Probation Officer, 444-7749.

The affiant further stated that notwithstanding his "diligent search," he was unable to learn appellant's whereabouts and had been unable to serve summons upon her.

On November 4, 1985, the juvenile court entered an order to give the appellant notice by publication. Thereafter, notice was published under the authority of Neb. Rev. Stat. § 43-268(2) (Reissue 1984), which states:

> Except as provided in section 43-264, notice, when required, shall be given in the manner provided for service of a summons in a civil action. Any published notice shall simply state that a proceeding concerning the juvenile is pending in the court and that an order making an adjudication and disposition will be entered therein. If the

names of one or both parents or the guardian are unknown, he, she, or they may be notified as the parent or parents, or guardian of (naming or describing the juvenile) found (stating address or place where the juvenile was found). Such notice shall be published once each week for three weeks, the last publication of which shall be at least five days before the time of hearing.

The publication was completed on November 26, 1985, and a dispositional hearing was held on February 3, 1986, at which time appellant's rights in and to her son were terminated. On February 11, 1986, appellant filed her motion to vacate that judgment, alleging that she had not been given proper notice.

As noted earlier, § 43-268(2) requires that in a juvenile proceeding, with an exception not relevant to this action, notice shall be given as in "a civil action." Neb. Rev. Stat. § 25-517.02 (Reissue 1985) provides that service may be made by publication upon a "motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute." Thus, appellant correctly maintains that service by publication under § 43-268(2) can only be made after a reasonably diligent search fails to locate the party to be served.

A reasonably diligent search for the purpose of justifying service by publication does not require the use of all possible or conceivable means of discovery, but is such an inquiry as a reasonably prudent person would make in view of the circumstances and must extend to those places where information is likely to be obtained and to those persons who, in the ordinary course of events, would be likely to receive news of or from the absent person. See, *Donea v. Massachusetts Mutual Life Insurance Co.,* 220 Minn. 204, 19 N.W.2d 377 (1945); *Ryken v. State,* 305 N.W.2d 393 (S.D. 1981); *Turnquist v. Kjelbak,* 77 N.W.2d 854 (N.D. 1956). Whether all reasonable means have been exhausted must be determined by the circumstances of each particular case. *Ryken v. State, supra.*

During the detention hearing on November 4, 1985, appellant's mother testified that she had last heard from appellant some 5 months earlier, at which time appellant was living in Oxnard, California. At that time appellant, according

to her mother, said she was going "underground for a while" because she had written a bad check and the police were looking for her. While appellant's mother indicated she would give the juvenile court any new address she should receive for appellant, she was not asked what address she last had, if any.

Virginia Gross, one of the persons referred to in the aforedescribed affidavit, is a caseworker employed by "Child Protective Services, State of Nebraska." She testified during the adjudication hearing held December 9, 1985, that she had talked with appellant's mother sometime during September and again on October 8, 1985. Appellant's mother said her daughter reported she was "on the lam" in California. Gross testified that the mother "was unable to give an address" for appellant.

Lori McKeon, the other individual mentioned in the affidavit, was a probation officer employed by the juvenile court. She prepared a report dated January 23, 1986, which was received in evidence during the dispositional hearing held February 3, 1986, stating that appellant's whereabouts were unknown. The report does not show the basis of that statement.

In testifying on May 9, 1986, in support of her motion to vacate the termination judgment, appellant testified that she lived at 223 East Lark, Oxnard, California, and that her mother always knew that address. The evidence in support of the motion also reveals that an Omaha employee of the Nebraska Department of Social Services, "on a referral from the ADC office," undertook, beginning February 14, 1985, to determine appellant's ability to pay child support. As a result of that effort, it was determined by July 8, 1985, that appellant lived at 223 East Lark, Oxnard, California, and that to the best of this person's knowledge she remained at that address from then on.

It is significant that the person charged with the responsibility to locate appellant, remarkably enough an employee of the very court required to pass upon the quality of the search, did not himself contact appellant's mother. A reasonably prudent person could reasonably expect appellant's mother to receive news of or from appellant. It is also significant that neither he nor anyone else asked appellant's mother what address she last had for appellant. The mother's testimony does not contradict appellant's claim that the mother

at all times had the Oxnard, California, address because the mother at no time said she never had a California address for appellant. The fact appellant said she was seeking to avoid the police does not mean she was not where she had told her mother she was. In any event, a search which makes no effort to determine where the subject of the search was last known to be and which makes no effort to check whether the subject is still there cannot be considered reasonably diligent. As a consequence of the failure to make proper inquiry, the search for appellant focused in Omaha, where she was known not to be, rather than in Oxnard, California, where she had been known to be.

The opportunity to be heard is a fundamental aspect of due process. *Greene v. Lindsey*, 456 U.S. 444, 102 S. Ct. 1874, 72 L. Ed. 2d 249 (1982); *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *Grannis v. Ordean*, 234 U.S. 385, 34 S. Ct. 779, 58 L. Ed. 1363 (1914); *Masid v. First State Bank*, 213 Neb. 431, 329 N.W.2d 560 (1983); *Tuch v. Tuch*, 210 Neb. 601, 316 N.W.2d 304 (1982). In this instance appellant was impermissibly denied such opportunity by a less than reasonably diligent search to determine her whereabouts.

Accordingly, the record demonstrates plain error which requires that the order overruling appellant's motion to vacate the termination judgment be reversed. The matter is remanded to the juvenile court with the direction that it vacate, set aside, and hold its termination order for naught and for such further proceedings as are appropriate under the law.

REVERSED AND REMANDED WITH DIRECTION.