George T. QUALLEY, d/b/a Qualley & Associates, Plaintiff–Appellant,

v.

STATE FEDERAL SAVINGS & LOAN, Defendant–Appellee.

No. 91–436.

Court of Appeals of Iowa.

March 24, 1992.

George T. Qualley of Qualley & Associates, Sioux City, for plaintiff-appellant.

William D. Bartine, II and Richard K. Updegraff of Brown, Winick, Graves, Donnelly, Baskerville and Schoenbaum, Des Moines, for defendant-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Plaintiff-appellant George T. Qualley, d/b/a Qualley & Associates, appeals from a trial court's refusal to set aside a forfeiture of a real estate contract. Plaintiff, who was served with notice only by publication, contends the published notice of forfeiture was not sufficient because defendant did not make a diligent effort to locate him. Plaintiff also contends part of the land sold under the contract was Iowa agricultural land, and consequently there should have been mediation before forfeiture was commenced. We reverse and order the forfeiture set aside.

Defendant-appellee State Federal Savings and Loan Association of Des Moines sold 23.75 acres of real estate in Dallas County to David Rosenberger. On September 27, 1989, Rosenberger assigned his rights under the contract to Qualley & Associates. The assignment was filed with the Dallas County recorder on October 11, 1989. The assignment did not give an address for Qualley & Associates. At the time of the assignment, Rosenberger was in default on one month's payment on the contract.

In December 1989 the defendant contacted legal counsel about forfeiting the rights of Rosenberger. A lien search on the property was done by a Dallas County abstractor. The search showed as of January 12, 1990, Rosenberger's vendee's interest in the contract had been assigned to Qualley & Associates. Defendant's attorneys determined in order to forfeit the contract under Iowa Code section 656, it was necessary to serve a forfeiture notice on Rosenberger and Qualley & Associates. Rosenberger was served. The service on him is not questioned. He did not cure the default. However, when Rosenberger was served, he had assigned his contract rights to Qualley & Associates and no longer was a vendee.

Defendant's attorneys claimed they were unable to identify or locate Qualley & Associates. They therefore sought to notify them by publication as provided for in Iowa R.Civ.P. 60. Iowa Code section 656.3 provides for service of the notice of forfeiture "as is provided for the service of original notices."

For three consecutive weeks commencing February 8, 1990, a notice of forfeiture was published in the *Dallas County News*. The *Dallas County News* is published in Adel. The notice provided that thirty days [1] after the completed service of the notice the contract would stand forfeited. The notice was not mailed to Qualley & Associates. On March 27, 1990, an attorney for the defendant signed an affidavit in support of forfeiture of real estate contract that stated, in part:

> That personal service could not and cannot be made on Qualley & Associates in the State of Iowa. That a copy of the Notice of Forfeiture of Real Estate Contract could not be mailed to Qualley & Associates by ordinary mail because no mailing address was known after diligent inquiry.

After the affidavit of forfeiture was filed, Qualley & Associates learned of the forfeiture, and on June 12, 1990, wrote to the defendant's attorneys that unless the forfeiture was set aside, an action would be filed with the court asking it to do so. The forfeiture was not set aside, and this action was filed.

Qualley & Associates claimed the forfeiture should be set aside because they were not notified, and no diligent search was made to locate them, and if a diligent search had been made, their mailing address was readily ascertainable and that mailing address was in the State of Iowa. They also contended the forfeiture involved agricultural land, and before forfeiture could be commenced, the defendant was required to meet the mediation requirements of Iowa Code section 654.8. The trial court found a diligent search had been conducted, and the property was not sub-

1. Madsen, *Iowa Title Opinions and Standards* suggests if the notice of forfeiture is served by publication, that a definite date should be substituted for the phrase within thirty days after completed service of this notice and the definite date should be thirty days after the date of the last publication.

ject to the mediation requirements of Iowa Code section 654.8. We reverse.

■ This is an equitable action. Our review is de novo. Iowa R.App.P. 4. We examine the entire record and find the facts anew. *See In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact-findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ The first issue before us is whether the trial court was correct in finding the defendant through their attorney made a diligent search to obtain the whereabouts of Qualley & Associates. We cannot agree with the trial court that a diligent search was made.

The attorney signing the affidavit did not himself make the diligent search. He assigned the project to another attorney with the firm. The attorney making the search testified he did the following:

1. He looked at the assignment to see if it identified the location of Qualley & Associates. He found nothing on the face of the assignment which would lead to a discovery of the whereabouts of Qualley & Associates.

2. He contacted the treasurer's office in Dallas County to see if there were any tax records for the property with regard to Qualley & Associates, or if the treasurer's office had an address for Qualley & Associates.

3. He checked with the Dallas and Polk County recorders' offices for trade name filings.

4. He checked with the Iowa Secretary of State for corporate or limited partnership registrations.

5. He checked phone books in Dallas Center and Adel in Dallas County. He checked the business portion of the Des Moines phone directory. He checked a city directory from a city he did not identify.

6. He also talked to a representative of his client's firm. The supervising attorney and the attorney making the search were of the opinion that they conducted a diligent search.

The defendant's attorney did not contact Rosenberger for an address because he did not think Rosenberger would give him the address. At trial, Rosenberger said he would have given Qualley's address if asked. Rosenberger also testified he assumed Qualley got a notice too, because the notice showed he did.

The search conducted did not yield the identification of Qualley & Associates or an address for Qualley & Associates.

Qualley & Associates is a group of attorneys that have practiced under the name Qualley & Associates for about five years. Their principal office is in Sioux City, Iowa. The senior member in the firm is an Iowa attorney named George Qualley. George Qualley has been an Iowa attorney for thirty-three years and has lived in Sioux City for thirty years. He has always practiced law under the name Qualley. He and Qualley & Associates never made any attempt to secret their whereabouts.

We do not consider the defendant to have conducted a diligent search. A diligent search is measured not by the quantity of the search but the quality of the search. In determining whether a search is diligent, we look at the attempts made to locate the missing person or entity to see if attempts are made through channels expected to render the missing identity. While a reasonable search does not require the use of all possible or conceivable means of discovery, it is an inquiry that a reasonable person would make, and it must extend to places where information is likely to be obtained and to persons who, in the ordinary course of events, would be likely to have information of the person or entity sought. *See In re A.W.*, 224 Neb. 764, 766, 401 N.W.2d 477, 479 (1987); *Ryken v. State*, 305 N.W.2d 393, 395 (S.D.1981); *Donea v. Massachusetts Mut. Life Ins. Co.*, 220 Minn. 204, 209, 19 N.W.2d 377, 381 (1945). Whether all reasonable means have been exhausted has to be determined by the circumstances of each particular case. *A.W.*, 401 N.W.2d at 479.

We consider the following:

1. The assignment was recent, therefore, there was reason to believe the identity and address of Qualley & Associates were readily ascertainable.

2. There was no contact made with Rosenberger to learn Qualley's whereabouts. Rosenberger was a most likely source of information, just recently having given an assignment of the contract to Qualley. Even a representative of the defendant testified that Rosenberger was a possible source of information. In A.W., 401 N.W.2d at 480, the Nebraska court found the failure to contact the mother of the absent person where the absent person had said she was going underground for a while because she had written a bad check and the police were looking for her was not diligent. The court reasoned "a search which makes no effort to determine where the subject of the search was last known to be and which makes no effort to check whether the subject is still there cannot be considered reasonably diligent." The reasoning of A.W. would support a need to contact Rosenberger. The reason to contact Rosenberger is even stronger than the reason to contact the mother in A.W. In A.W., there was some evidence the party was trying to keep her whereabouts a secret. In this case there is absolutely no evidence the party was trying to keep his whereabouts secret.

3. The search of public records was in a very limited geographical area. In In re Marriage of Thrailkill, 438 N.W.2d 845, 848–49 (Iowa App.1989), this court found a search diligent where there was considerable contact with persons likely to have the absent party's address.

4. The search of public records was cursory at best. The attorney only looked at the face of the assignment. No attempt was made to check the notary, to find out from the recorder where the document was sent after recording, and who had paid the recording fee.

5. There was only one personal contact and that was with defendant's client when there was no reason to believe he would have any information of Qualley's whereabouts.

6. No effort was made to check in-state law firms or accounting firms that frequently operate under a similar name. The fact there was not a corporate or limited partnership filing with the secretary of state was a real clue that Qualley was a person's name in as much as Iowa Code section 547.1 provides filings need not be made where the name includes the name of a principal.

7. In analyzing the efforts, we also look to the fact that Qualley & Associates were not hiding. This clearly distinguishes this case from Thrailkill, 438 N.W.2d at 845. In Thrailkill, there was considerable evidence the absent husband was determined to keep his location secret from his wife and family.

Service must be made through a means that one who is actually wishing to inform the absentee would reasonably adopt to accomplish it. George Qualley was a long-time practicing Iowa lawyer; he was known in legal circles. He was known by persons in the attorney's own law firm. The firm's litigator who was called in to litigate the matter knew Qualley. The litigator's brother had practiced law with Qualley ten years earlier. While that attorney did not know an associate in his firm was searching for Qualley until after the affidavit was filed, the fact a member of the law firm knew Qualley does point to the ease with which he could have been located if the attorney had sent a memo to the employees in his firm detailing who he was looking for. Qualley's name appears in the alphabetical listing of Iowa lawyers in the blue book. His name would be available from the Iowa Supreme Court. A search that does not discover a recognized person or entity that is in-state and has made no effort to hide his, her, or its identity must be very carefully analyzed to determine whether it was diligent.

The trial court in finding a diligent search had been made found the defendant did not have to contact Rosenberger and accepted the defendant's argument Rosenberger would not tell the address as a reason the contact was not necessary. We do not agree with this reason, for to do so

would establish a diligent search does not have to inquire of a very likely and available source of information if he or she predetermined the lead would not be helpful.

The search was not diligent. The contract forfeiture is set aside as to the plaintiff.

 The next question is whether the trial court was in error in not finding a portion of the property was agricultural property subject to the mediation requirements of Iowa Code section 654.8. Iowa Code section 654A provides for farm mediation. Iowa Code section 654A.1 defines:

1. "Agricultural property" means agricultural land that is principally used for farming as defined in section 172C.1, . . . .

Iowa Code section 172C.1(2) provides:

"Agricultural land" means land suitable for use in farming.

Iowa Code section 172C.1(11) provides:

"Farming" means the cultivation of land for the production of agricultural crops, . . . .

The land was sold as one parcel. The land, however, was taxed as two parcels. One parcel, a tract of 3.75 acres, was taxed without agricultural credit. The second parcel of twenty acres was taxed subject to an agricultural land tax credit. The 3.75–acre parcel clearly was used for nonagricultural land purposes. The twenty-acre tract was used to raise alfalfa, a farm crop, and clearly was used for agricultural purposes. Both the use to which it was put and the manner it was treated for property tax purposes support the finding it was agricultural land. We disagree with the trial court's findings to the contrary.

 The question that needs to be resolved is whether a real estate contract that sells agricultural and nonagricultural land for one price with no allocation of price to respective tracts is subject to the mediation provisions of section 654A. In this case, the nonagricultural land comprises the more valuable portion of the tract, while the agricultural portion contains the larger number of acres.

Iowa Code section 654A.6(1) provides a creditor seeking:

. . ., to forfeit a contract to purchase agricultural property under chapter 656, . . ., shall file a request for mediation with the farm mediation service. The creditor shall not begin the proceedings subject to this chapter until the creditor receives a mediation release, or until the court determines after notice and hearing that the time delay required for mediation would cause the creditor to suffer irreparable harm. . . .

Iowa Code section 654A.1(3) states:

(3) "Creditor" means the holder of a mortgage on agricultural property, a vendor of a real estate contract for agricultural property, a. . . .

We cannot say that the inclusion of agricultural and nonagricultural property in the same contract defeats the mediation statute. The court has the right to exclude, on a finding of harm, land from the mediation process. This allows the issue to be resolved on a case by case basis. We reverse.

REVERSED.