**IN THE COURT OF APPEALS OF IOWA**

No. 19-1412
Filed April 15, 2020

**IN THE INTEREST OF C.S. and N.S.,**
**Minor Children,**

**S.A., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Susan Cox, District

Associate Judge.


        A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**


        Adam M. Stone, Urbandale, for appellant mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti and Kevin

Patrick, Assistant Attorneys General, for appellee State.

        Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad

litem for minor children.


        Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to twins, born in 2018. She contends, "[T]he Juvenile Court erred in finding that legally sufficient notice to the parents should be dispensed with in this case without requiring publication, and in subsequently terminating . . . parental rights."

"Biological parents have a due process right to notice and a hearing before termination of their parental rights may occur." *In re J.C.*, 857 N.W.2d 495, 506 (Iowa 2014). "[N]otice may be dispensed with in the case of any such person whose name or whereabouts the court determines is unknown and cannot be ascertained by reasonably diligent search." Iowa Code § 232.112(1) (2019). A diligent search "must extend to places where information is likely to be obtained and to persons who, in the ordinary course of events, would be likely to have information of the person or entity sought." *In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003) (citing *Qualley v. State Fed. Sav. & Loan*, 487 N.W.2d 353, 355 (Iowa Ct. App. 1992)). Claimed deficiencies in a diligent search may be raised for the first time on appeal. *Id.*

Although the mother participated in the underlying child-in-need-of-assistance proceedings, she stopped engaging in services several months before the termination hearing and curtailed "meaningful communication" with professionals. Her address was unknown.

After the State filed a petition to terminate the mother's parental rights to the twins, a State investigator attempted to locate and serve her with the petition. He filed an affidavit of diligent search recounting his efforts. He learned that the mother "was currently a fugitive from justice . . . for [f]ailure to [a]ppear on" a theft

charge. He made "daily checks of inmate records at the Polk County Jail to see if [she] had been arrested on her outstanding warrant." He spoke to the department of human services caseworker on three occasions and was told the mother "might be staying with a friend or family member" at a certain apartment and she was "recently observed" walking near a certain library. The investigator pursued those leads, without success. He also went to a homeless shelter that had housed the mother for a period of time and learned she had been kicked out. He checked several locations that were "known to be frequented by homeless individuals," showed people photographs of the mother, and spoke to a private security guard who interacted with homeless people. The guard recognized the mother but "stated that he had not seen her recently." In addition to these efforts, the investigator "sent a message to" the mother via her Facebook account and asked "her to contact [him] regarding this court action." During his three-week search, he "received no response [to] that message." The investigator opined "that since no one can provide or locate any more viable information than what has already been obtained, and all diligent efforts have been exhausted to this point, . . . it will be virtually impossible to properly serve this notice at this time."

The mother acknowledges "the State did make several efforts to locate [her]" but asserts that because she was "seemingly homeless and still in the immediate area," the State also should have attempted "publication in the local media/newspaper . . . to apprise [her] of the proceedings." We are not persuaded that publication would have succeeded where direct social media contact and communication with acquaintances failed. *See In re R.E.*, 462 N.W.2d 723, 727 (Iowa Ct. App. 1990) (finding a search was diligent where "[t]he state official

contacted various friends and acquaintances of the mother" and "went to the various missions around town"). We conclude that because the mother's whereabouts were unknown and could not "be ascertained by reasonably diligent search," the juvenile court appropriately dispensed with notice of the termination petition. As the claimed insufficiency of the State's search efforts is the only issue the mother raises on appeal and we are unpersuaded by that argument, we affirm the termination ruling.

**AFFIRMED.**